IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:25-cv-1556-BO-RJ

| | | |
|---|---|---|
| HUNTINGTON DISTRIBUTION FINANCE, INC., assignee of Wells Fargo Commercial Distribution Finance, LLC and Wells Fargo Bank, N.A. | ) ) ) ) ) | |
| Plaintiff, | ) | **DEFAULT JUDGMENT** |
| | ) | |
| v. | ) | |
| | ) | |
| RED IRON POWER LLC, and JASON ALEXANDER FELTS, | ) ) | |
| | ) | |
| Defendants. | ) | |

THIS CAUSE coming before the undersigned United States District Judge for the Eastern District of North Carolina on the Motion for Default Judgment filed by Plaintiff Huntington Distribution Finance, Inc. ("HDF") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1(b) for entry of judgment by default against Defendants Red Iron Power LLC ("Borrower") and Jason Alexander Felts ("Guarantor," and collectively with Borrower, the "Defendants"). Based upon the record, the Verified Complaint and exhibits thereto, the Declaration of Brian Edge, the Memorandum in Support of Plaintiff's Motion for Default Judgment, and the representations of Plaintiff's counsel, it appears to the Court that (1) Defendants are justly indebted to HDF in the amounts set forth herein; (2) HDF is entitled to possession of the Subject Collateral (as that term is defined in the Verified Complaint) listed on the attached **Exhibit 1** pursuant to the Security Agreement, its security interest, and applicable law; (3) Defendants are not infants or incompetent persons or in the military service

of the United States; (4) the default of Defendants has been entered by the Clerk of Court on January 21, 2026, for failure to plead or otherwise respond in this action; (5) this Court has jurisdiction over the parties and the subject matter; (6) there is no just reason for delay in entering judgment; and (7) the Motion should be granted.

THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     Plaintiff's Motion for Default Judgment is GRANTED.

2.     On Counts I and II of the Verified Complaint, HDF shall have and recover from Defendants Red Iron Power LLC and Jason Alexander Felts, jointly and severally, the sum of $139,952.95, plus pre-judgment interest in the amount of $14,311.45 as of March 31, 2026, and continuing to accrue at the rate of $40.32 per day from and after March 31, 2026, until the date of entry of judgment, plus post-judgment interest thereafter at the legal rate until paid in full, plus HDF's reasonable attorneys' fees and legal expenses in the amount of $34,648.45, plus $1,613.00 for the surety bond, plus the costs of this action.

3.     On Count III of the Verified Complaint, it is hereby determined that HDF has a superior right to possession of the Subject Collateral, and Defendants Red Iron Power LLC and Jason Alexander Felts are ordered to immediately deliver final possession of the Subject Collateral to HDF so that HDF may dispose of the same pursuant to its contractual rights and applicable law.

4.     Defendants are further ordered to otherwise make the Subject Collateral available to HDF within 30 days following the entry of this Judgment, so

- 2 -

that HDF may dispose of the Subject Collateral pursuant to its contractual and applicable law rights.

5. The United States Marshals Service is authorized, ordered, and directed to recover possession of the Subject Collateral from Defendants.

6. Defendants are prohibited from interfering with HDF's and/or the United States Marshals Service's efforts and attempts to recover possession of the Subject Collateral.

7. The bond posted by HDF to secure the prejudgment possession of the Subject Collateral (Dkt. No. 22) is hereby released.

8. The Court reserves the right to grant such other and further relief as is just and proper under the circumstances.

SO ORDERED, this the 11 day of May 2026.

Terrence W. Boyle
United States District Judge

- 3 -